(10 App. Div. 22.)

ACKERMAN et al. v. TRUSTEES OF NEW YORK AND BROOKLYN BRIDGE.

(Supreme Court, Appellate Division, First Department. November 6, 1896.)

LANDLORD AND TENANT—LEASE FROM TRUSTEES—NOTICE.

A lessee, from the trustees of the New York and Brooklyn Bridge, of a warehouse under the viaduct of the bridge, is chargeable with notice of the trustees' duty imposed by statute (Laws 1891, c. 128) to improve the terminal facilities of the bridge, and he therefore cannot enjoin such improvements on the ground that his enjoyment of the leased premises will be interfered with, nor can he recover damages for interference with the premises caused by the building of the improvements.

Appeal from special term.

Action by David Ackerman and others against the trustees of the New York and Brooklyn Bridge for an injunction. The complaint was dismissed on the merits, and plaintiffs appeal. Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

J. C. Rosenbaum, for appellants.

W. N. Dykman, for respondents.

PATTERSON, J.   This action was brought to secure a permanent injunction to restrain the defendants from constructing and maintaining a platform or roadway which constituted a part of the improvement of the terminal facilities of the New York and Brooklyn Bridge, and also to recover damages for depreciation in value of the use of premises occupied by the plaintiffs under a lease from the defendants. The plaintiffs, as lessees, are in possession of a warehouse part of an abutment of the viaduct of the Brooklyn Bridge, and their premises are situated under one of the archways of that viaduct, fronting towards the south. The defendants executed the lease of the premises to the plaintiffs about January 1, 1893, who then entered into possession. About five months afterwards the defendants began the work of widening the viaduct, and, in order to accomplish that end, they deposited a large amount of material near the plaintiffs' premises, which act, it is claimed, greatly obstructed the approach to them, and interfered with the use of such premises. In the widening or extension of the viaduct, the defendants made a construction, consisting of a platform, which the plaintiffs claim so materially interferes with the light of the premises that they are unable properly to carry on the business in which they are engaged, the conducting of which business constitutes the only use to which they can put the premises, under the terms and restrictions of the lease. The theory of the plaintiffs' action, therefore, is that they are entitled to an injunction to restrain a nuisance, and to prevent continuing trespasses and the destruction or impairment of easements without compensation, and that they are also entitled to an award of damages, under the incidental jurisdiction of a court of equity to determine the whole controversy between the parties in one suit. The justice in the court below dismissed the complaint on the merits. An examination of the evidence discloses that the plaintiffs have failed to prove any such material obstruction to the easement of light, or any such impairment of light entering their premises, as would entitle them to an injunction, under any aspect of the case. But, further than that, the defendants have shown a state of facts fully justifying the decision of the court below. The lease to the plaintiffs was made to begin January 1, 1893. They entered into possession, and are still in possession. By chapter 128 of the Laws of 1891, the trustees of the New York and Brooklyn Bridge were empowered and required to improve the bridge terminals in New York and in Brooklyn, in order to accommodate the enormous traffic, for which the then existing facilities were entirely inadequate. The terminals referred to

in that statute seem to include those portions of the bridge structure that are built and located upon land, and included the whole viaduct on either side of the river. Pursuant to the act of the legislature referred to, the bridge trustees adopted a plan for the improvement of the terminals, which plan included the widening of the viaduct; the only difference between the projected and the completed work being that the actual width is something less than that shown upon the plan as adopted. That plan was, in effect, adopted on January 20, 1891. So that it appears that, long before the lease to the plaintiffs, the defendants were compelled by law to improve the terminals in New York and Brooklyn; that the plan of such improvements, as recommended by expert engineers, was adopted; and that such plan involved the widening of the viaduct by building an extension, part of which would be above the warehouse which the plaintiffs subsequently (nearly two years) leased from the defendants. It therefore seems to be clear that the plaintiffs are not entitled to an injunction on the ground of a nuisance. The improvement, in the way in which it was being constructed at the time this action was brought, was not only authorized by law, but the defendants were required by law to make it. The action cannot be maintained for an injunction, for a continuing trespass, and the taking of easements without compensation; for, irrespective of any other question, the proofs are insufficient to show, as matter of fact, the taking of such easements, in the sense that would entitle the plaintiffs to compensation for them. It is very doubtful, to say the least, whether the trustees had the power to make a lease which would interfere in any way with their duty to the public to carry out the plan for widening the viaduct or improving the terminals of the bridge, and it would seem that the plaintiffs were bound to take notice of the situation and condition with reference to the trustees' power at the time they entered into the lease; but it is unnecessary to pass upon those questions. Upon the facts, a case is not made out for an injunction, and, as the equitable relief asked for was properly refused, the action cannot be maintained merely to recover damages for any inconvenience the plaintiffs may have suffered during the progress of the work.

The judgment below was right, and should be affirmed, with costs. All concur.