# MEMORANDUM DECISIONS.

ACKERMAN et al. v. TRUSTEES OF NEW YORK & B. BRIDGE. (Supreme Court, Appellate Division, First Department. December 18, 1896.) Action by David Ackerman and others against the trustees of the New York & Brooklyn Bridge. No opinion. Motion denied. See 41 N. Y. Supp. 810.

ANNUS, Respondent, v. THEISS et al., Appellants. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by Lena Annus against George Theiss and others. No opinion. Appeal dismissed.

ANNUS, Respondent, v. THEISS et al. Appellants. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by Lena Annus against George Theiss and others. Jacob Fromme, for appellants. Michael Schapp, for respondent. No opinion. Motion to dismiss appeal granted, with $10 costs.

BERAM, Respondent, v. KRUSCAL, Appellant. (Supreme Court, Appellate Term, First Department. November 25, 1896.) Action by Moritz Beram against Nicholas Kruscal. Louis Levy, for appellant. Eugene I. Yuells, for respondent.

DALY, P. J. The plaintiff hired from the defendant, by agreement in writing, a place in front of the latter's drug store, at 72 Delancy street, for a soda-water stand, for a term of one year, commencing February 1, 1894, for $200; $30 payable on the signing of the agreement, and the balance of the rent in monthly installments of different amounts up to August 1, 1894. The place so let was a part of the public street, and in June, 1894, the plaintiff was removed by the municipal authorities; he having up to that time paid defendant $128. This action is brought by him to recover $99, and, judgment having been rendered in his favor for that sum, defendant appeals. Plaintiff endeavors to sustain the judgment on the ground that he was induced by the defendant's misrepresentation to make the contract and payments, the alleged misrepresentation being an assertion of the defendant that he had a permit for such stand from the board of aldermen. The point was taken upon the trial that, if the plaintiff claimed misrepresentation with respect to the license or permit from the board of aldermen, he had not proved the representation untrue by showing the absence of such a permit, and we fail to find in the record any answer to this objection. It was not shown that such a permit had not been granted. For aught that appears, there had been a permit and a subsequent revocation of it,—a contingency which both parties were bound to consider, and might provide against by agreement. The judgment given in favor of the plaintiff cannot be sustained on the ground of fraud. The action was originally brought, according to the return, upon a cause of action which was orally pleaded as follows: 

"Money had and received, illegal contract, and money illegally retained." There was no claim of fraud in this statement, which was evidently based upon the assumption that, because no permit existed for the maintenance of the stand in question in the public street, the defendant had no right to receive rent therefor, and that the plaintiff might recover it back. Under that pleading, the plaintiff could have recovered on proving that he entered into the contract of hiring in reliance upon the defendant's representation that he had a permit for the stand. If the plaintiff did not intentionally violate the public ordinances, the illegality of the contract would not be a bar to his recovering the money obtained from him by the defendant; providing an apportionment could be made of the amount paid as compensation for the period during which he actually occupied the stand, and the period of the lease for which he was not permitted to use it. As the payment in this case was to be $200 for the year commencing February 1, 1894, but was all to be paid by the 1st of August in that year, there is ground for inferring that the use of the soda-water stand during the summer months was the chief benefit to be derived from the lease, as understood by both parties, and that some of the rent paid up to the time of the removal was payment in advance. If such payment could be ascertained with any certainty, the plaintiff would be entitled to reclaim it from the defendant. But the plaintiff was not content to rely upon the cause of action as pleaded by him, and at the outset of his case claimed that the action was for fraud, and that he wished to prove it. The defendant did not object that it was inadmissible under the pleadings, and after the plaintiff rested, and a motion to dismiss the complaint was denied, plaintiff asked to amend the pleadings to conform to the proof. It does not appear that the motion to amend was granted, although the defendant's motion to dismiss the complaint was denied. There is no evidence in the record before us to sustain a recovery of any particular sum as rent paid in advance, and, if the cause of action is for money had and received, as originally pleaded, still the proof is not sufficient to warrant a recovery. Judgment reversed, and a new trial ordered, with costs to appellant to abide the event.

BERGER, Appellant, v. MEANEY, Respondent. (City Court of New York. General Term. December 12, 1896.) Action by Henry Berger against John Meaney. J. G. Ritter, for appellant. K. Powell, for respondent. No opinion. Order appealed from affirmed, with costs.

BODINE et al., Respondents, v. BROWN et al., Appellants. (Supreme Court, Appellate Division, First Department. December 22, 1896.) Action by Clothilde Bodine and others against Ronald K. Brown and others. No opinion. Motion for leave to go to the court of appeals granted. See 42 N. Y. Supp. 202.

42 N.Y.S.—71