In the Matter of the Estate of JOHN A. IVES, Deceased.

Surrogate's Court, Chenango County, November 16, 1936.

*George M. Skinner*, for the executor, Irving M. Ives.

*Bonney & Bonney*, for Paris Ives, Marvin C. Ives, Bertha Ives, Lewis Ives, Beatrice Dressell and Bernice Theall.

*H. C. & V. D. Stratton*, for Irene Manwaring Ryan.

BROWN, S. In this proceeding for a judicial settlement of his account, the executor seeks a construction of decedent's last will and testament. The clause of the will in question reads as follows:

" *Fourth.* I give, devise and bequeath to my said wife, Jessie Ives the use, benefit and enjoyment of all the rest, residue and remainder of my property of every manner, kind and description, to have and to hold the same and the rents, incomes and profits therefrom for and during her natural lifetime. Upon the decease of my said wife and the termination of her said life use of such property, I then give devise and bequeath the corpus or principal thereof to my nephews and nieces, share and share alike *per stirpes* not *per capita.*"

At the time of his death, testator was survived by four nephews and five nieces. One nephew is the son of a brother of decedent, one niece the daughter of a sister and the other nephews and nieces the childern of another brother. Two nieces predeceased testator, one leaving a daughter surviving.

The question raised here is whether the distribution of the fund mentioned in subdivision 4 of the will is to be made in equal shares among the nephews and nieces or by representation as children of decedent's brothers and sisters. Some of the parties contend the division should be made in the latter manner; others seek a construction that will give equal shares to the nephews and nieces. Were it not for the five words, " *per stirpes* not *per capita.*" following the direction in the will for a " share and share alike " distribution, there would be no room for doubt as to testator's intention.

Here as in all cases where construction of the will is involved, the intention of the testator as disclosed by the instrument is the controlling guide. We must find that intention as expressed in the terms and language of the will. (*Reynolds* v. *Robinson*, 82 N. Y. 103; *Dwight* v. *Fancher*, 245 id. 71; *Matter of Bailey*, 124 Misc. 466; *Matter of Trombly*, 138 id. 220; *Matter of Evans*, 135 id. 656.)

The direction in the will that, upon the death of testator's wife, the fund be distributed to his nephews and nieces " share and share alike " denotes a division among those who answer the description of the class mentioned in equal shares. After the words quoted appears the following phrase, " *per stirpes* not *per capita.*" What significance is to be given such expression? What is its meaning, if any, when coupled with a direction plainly calling for an equal division among the nephews and nieces? The gift is to a class. Testator does not refer to the legatees as children or the next of kin of his brothers and sisters. He makes no reference to those who are to receive the fund at the termination of the life estate in any manner that conveys the thought that they are to take according to stock or root. His nephews and nieces are the primary legatees; they take as purchasers and not by representation. (*Bisson* v. *W. S. R. R. Co.*, 143 N. Y. 125.) If the expression " *per stirpes* not *per capita*," found at the end of the fourth clause in the will, has any force, it cannot be given effect as relating back to the immediate ancestors of the nephews and nieces in order to determine the manner of distribution. *Per stirpes* does not go back past the class that are the legatees. (*Matter of Foster*, 144 Misc. 622; *Matter of Duval*, 145 id. 792; *Matter of Samson*, 257 N. Y. 358.)

The provision in the will that distribution be made among the nephews and nieces " share and share alike " is equivalent to a direction that division among the class mentioned be made in equal shares. (*Bisson* v. *W. S. R. R. Co.*, *supra; Bodine* v. *Brown*, 12 App. Div. 335, 340.)

In the absence of a clear intent to be gathered from expressions found in a will, resort will be had to certain canons of construction

and one of those is the rule that favors a division *per capita* unless the will as a whole discloses a contrary intention. (*Bisson* v. *W. S. R. R. Co., supra; Matter of F. L. & T. Co.,* 213 N. Y. 168; *Soper* v. *Brown,* 136 id. 244; *Bodine* v. *Brown, supra; Petry* v. *Petry,* 186 App. Div. 738; *Jay* v. *Lee,* 41 Misc. 13, 16.)

The will makes provision for the disposal of the corpus of the estate, the life use of which Jessie Ives, the wife of decedent, was to enjoy, upon her decease. The distribution was to be made at her death to the persons answering the class designated in the will. (*Matter of Foster, supra; Matter of Duval, supra; Lyons* v. *Ostrander,* 167 N. Y. 135.) The testator having survived his wife, distribution is to be made as of the time of his death.

There is no provision in the will for a substitutional gift in case of the death of a nephew or niece prior to the termination of the life estate.

The conclusion is reached that the intention of the testator as expressed in the language of the will calls for a distribution of the fund bequeathed in the fourth clause of the will among the nephews and nieces of the testator living at the time of his death (the life beneficiary having predeceased him) in equal shares. (*Matter of Title G. & T. Co.,* 159 App. Div. 808; affd., 212 N. Y. 551; *Matter of Bailey,* 124 Misc. 466; *Matter of Trombly, supra.*) The words "*per stirpes* not *per capita,*" as was said in the opinion in *Van Cott* v. *Van Cott* (167 App. Div. 694, at p. 698; affd., 219 N. Y. 673), " must be treated as meaningless and nugatory, and as inserted by inadvertence."

Decree in accordance with the foregoing will be granted.