PATTERSON, Chief Justice,
for the Court:
James I. Lowry, Mrs. Mildred Lowry Crump, Mrs. Mattie Lou Neatherly, John E. Griffin, and R. C. Griffin, being nieces and nephews of the late James H. Griffin filed suit in the Chancery Court of Chickasaw County for the construction of the Last Will and Testament of James H. Griffin, and for distribution of his estate. The respondents are Joseph T. Doss, Jr., individually and as executor of the will, Mrs. Annie Lou Beasley, Mrs. Lorena Doss Griffin, Mrs. Mary Ruth Bagley, and Mrs. Virginia Doss Ryatt. The respondents are a nephew and nieces of the testator and they along with the petitioners are named as devisees and legatees by the terms of the will.
The language to be construed is found in Article III of the will which states:
I hereby give, devise and bequeath any and all real, personal or mixed property owned by me at the time of my death unto my nieces and nephews, Joe R. Doss, *767 Jr., Annie Lou Beasley, Virginia Doss Ryatt, Lorena Doss Griffin, Mary Ruth Bagley, J. I. Lowry, Mattie Lou Neatherly, Mildred Crump, Cleve Griffin, Jr., and John Edgar Griffin, in equal shares, per stirpes and not per eapita. (Emphasis added.)
The issue to be resolved is whether those legatees and devisees designated in Article III, supra, take in equal shares or whether by per stirpes representation as children of the testator’s deceased brothers and sisters.
At the time of his death the testator had never married and had no children. When the will was executed the testator’s two brothers and two sisters had died leaving the testator with ten nieces and nephews. One of the brothers left no children.
The petitioners allege that under the terms of the will Mrs. Mildred L. Crump, James I. Lowry, and Mattie Lou Neatherly, the children of the testator’s deceased sister, Lottie G. Lowry, were devised an undivided one-third of the estate, being a one-ninth interest each. Petitioners John E. Griffin and R. C. Griffin, the children of the testator’s deceased brother, Cleve Griffin, were likewise devised an undivided one-third of the estate, being a one-sixth interest each. They further allege that the children of testator’s deceased sister, Mattie Griffin Doss, were devised an undivided one-third of the estate being a one-fifteenth interest each.
The duty of a court in construing a will is to ascertain and give effect to the testator’s intentions. In arriving at such intention the court must, if possible, consider the entire document rather than a particular sentence, clause, phrase or word. Malone v. Malone, 379 So.2d 926 (Miss.1980); Cross v. O’Cavanagh, 198 Miss. 137, 21 So.2d 473 (1945).
The question concerning the meaning of Article III arises because the language devising the testator’s estate to his ten nieces and nephews by name and in equal shares is followed by the phrase “per stirpes and not per capita,” seemingly a contradiction. The issue appears to be one of first impression for this court as it was for the trial court which construed Article III of the will to mean that each of the designated legatees and devisees should share in the estate equally, or differently put, the trial court determined the testator did not intend the phrase “per stirpes and not per capita” to overcome his previous language designating his devisees by name and specifying they were to take in equal shares.
The appellants, petitioners below, contend for reversal that the will is clear and unambiguous, and expresses the testator’s intent that his nieces and nephews take by representation, and not per capita. Alternatively, if there be an ambiguity, they contend that following accepted rules of construction laid down by this court, Article III of the will admits only one construction, and that is for a per stirpital distribution. They argue that a different holding would require the will to be read as if the phrase “per stirpes and not per capita” had never been written and further that the phrase must be given its commonly accepted meaning and to ignore it would be contrary to the rule that language will not be stricken from a will unless it is necessary to give effect to the intention of the testator, citing Ferguson v. Morgan, 220 Miss. 266, 70 So.2d 866 (1954), Cooper v. Simmons, 237 Miss. 630, 114 So.2d 614, 116 So.2d 215 (1959).
Since the troublesome phrase cannot and should not be stricken, it becomes the Court’s duty to follow such cases as Cross v. O’Cavanagh, 198 Miss. 137, 21 So.2d 473 (1945), wherein it is said, “[t]he paramount duty of the court is to ascertain the intent of the testator, gathered from the language used, in the light of the circumstances surrounding the execution of the will, and give effect to such intent unless contrary to law or public policy.” The construction is to be guided by the principle that technical terms used in a will should be given their commonly accepted meaning. First National Bank of Laurel v. Commercial National Bank and Trust Company, 247 Miss. 677, 157 So.2d 502 (1963). The appellants acknowledge the general rule of construction that the naming of heirs who take *768 under a will creates a presumption of per capita intent, Byrd v. Wallis, 182 Miss. 499, 181 So. 727 (1938). However, it is contended this presumption must yield to a per stirpes construction where such intent appears from the will as a whole.
The appellants argue the phrase “in equal shares” followed immediately and modified by “per stirpes and not per capita” signifies the testator’s intention that equal shares be assigned to each group (the heirs of the testator’s deceased brothers and sisters) for a per stirpital distribution. It is then contended that where words such as “equally” and “share and share alike” are used in conjunction with a division within a class, they import an equal per capita distribution within the division or group thereby giving meaning to the phrase “per stirpes” which created the division, as well as the phrase “in equal shares.”
The difficulty with this argument, in our view, is that it does not overcome the equally strong presumption that the testator named his nieces and nephews as devisees without mentioning his deceased brothers and sisters by name or otherwise indicating equal division within the groups created by per stirpital representation. Whether the testator fully understood the meaning of the latín phrase “per stirpes” is not for us to speculate, but we do think that had he intended his nieces and nephews to take under the will other than in equal shares, there surely were less difficult means for him to express such intent.
The two latin words, “per stirpes”, are defined in Black’s Law Dictionary, Fourth Edition, as meaning, “By roots or stocks; by representation. This term, derived from the civil law, is much used in the law of descents and distribution, and denotes that method of dividing an intestate estate where a class or group of distributees take the share which their deceased would have been entitled to, taking thus by their right of representing such ancestor, and not as so many individuals.”
As mentioned the phrase is used in the law of descent and distribution and denotes the method of dividing an intestate estate where a class of distributees take the share to which their deceased ancestor would have been entitled. In W. Morse, Wills and Administration in Mississippi, § 11:6 (1968), the rule is explained as follows:
As a general rule a devise or bequest to “heirs,” “heirs at law,” “legal heirs,” “heirs and assigns,” “representatives,” “next of kin” or “descendants” the law pressumes [sic ] the intention of the testator to be that the beneficiaries take per stirpes and not per capita, although such presumption is easily overcome by words indicating they should take per capita.
Per capita and per stirpes have definite meaning in law and are presumed to be used in their technical sense unless a contrary intention appears in the context of the will. “Per capita” means “by the head” or “share and share alike” according to the number of individuals. “Per stirpes” means “by the roots” or “stock” or by representation. It denotes the method of distribution where a class or group of individuals or distributees take the share which their “stock” (deceased ancestor) would have been able to take in a per capita distribution. “Equal division” as a general rule means a per capita and not a per stirpes gift under the will.
The appellees contend the phrase “per stirpes” has no application to primary legatees, those named in the will, but applies only to substituted legatees or devisees. They cite In Re Ives’ Estate, 161 Misc. 60, 291 N.Y.S. 981 (Sur.Ct.1936), as supporting their contention. The will in it used language similar to that in the present case. It reads:
FOURTH. I give, devise and bequeath to my said wife, Jessie Ives, the use, benefit and enjoyment of all the rest, residue and remainder of my property of every manner, kind and description, to have and to hold the same and the rents, incomes and profits therefrom for and during her natural lifetime. Upon the decease of my said wife and the termination of her said life use of such property, I then give, devise and bequeath the cor *769 pus or principal thereof to my nephews and nieces, share and share alike per stirpes not per capita. (Emphasis added.)
The testator was survived by four nephews and five nieces. One nephew was the son of a brother of the decedent; one niece, the daughter of a sister; and the other nieces and nephews were the children of another brother.
The issue, therefore, was fairly identical to that in this case — should the division be made in equal shares among the nieces and nephews, or should reference be made to their parentage for distribution. The Court held:
The direction in the will that, upon the death of testator’s wife, the fund be distributed to his nephews and nieces “share and share alike,” denotes a division among those who answer the description of the class mentioned in equal shares. After the words quoted appears the following phrase, “per stirpes and not per capita.” What significance is to be given such expression? What is its meaning, if any, when coupled with a direction plainly calling for an equal division among the nephews and nieces? The gift is to a class. Testator does not refer to the legatees as children or the next of kin of his brothers and sisters. He makes no reference to those who are to receive the fund at the termination of the life estate in any manner that conveys the thought that they are to take according to stock or root. His nephews and nieces are the primary legatees; they take as purchasers and not by representation. If the expression “per stirpes not per capita,” found at the end of the fourth clause in the will, has any force, it cannot be given effect as relating back to the immediate ancestors of the nephews and nieces in order to determine the manner of distribution. Per stirpes does not go back past the class that are the legatees.” 291 N.Y.S. at 983. (Citations omitted. Emphasis added.)
In the case of Johnson v. Swann, 211 Md. 207, 126 A.2d 603 (1956), concerning the phrase “share and share alike, per stirpes and not per capita” the Maryland court held the words “per stirpes” were not applicable to designated legatees, or legatees designated as a class, but were ordinarily appropriate when used with respect to substitutional gifts to substituted legatees in the event of the death of a primary legatee. This same theory was expressed in St. Louis Union Trust Company v. Greenough, 282 S.W.2d 474 (Mo.1955), wherein the Missouri court in construing the will of the late Adolphus Bush held among other things the following:
Therefore, the expression “per stirpes and not per capita” describes or designates a mode or method by which gifts to substituted legatees are to be distributed. Under a per stirpes distribution, the substituted legatees collectively take the share which their respective deceased ancestor would have taken if he had been living. Consequently, it is clear that the words “per stirpes and not per capita” are not strictly applicable to, and are technically inappropriate when used in connection with, named legatees who are primary takers. Id. at 478.
We think these cases particularly persuasive to a holding by this court that the phrase “per stirpes and not per capita” has no application to devisees in a will designated by name and to the share they are to take under the will, but rather the phrase has application only to substituted legatees with the shares they take specified by the laws of descent and distribution.
The appellants argue, however, that the case law of our state on construction of wills requires a retrospective application of the phrase “per stirpes and not per capita” and not a prospective application as substituted legatees would require. They cite Rodgers v. Rodgers, 218 Miss. 655, 67 So.2d 698 (1953); Cross v. O’Cavanagh, 198 Miss. 137, 21 So.2d 473 (1945); Thomas v. Thomas, 97 Miss. 697, 53 So. 630 (1910) as well as W. Morse, on Wills and Administration in Mississippi, § 11:6 (1968), in support of a retrospective application of per stirpital construction. We do not think these cases on their facts lend themselves to such un *770 equivocal conclusion. We glean from them the general rule that a devise or bequest to “heirs”, “the heirs”, etc., without further identification, raises a presumption that the testator intended such beneficiaries take per stirpes and not per capita, and further, that such presumption is easily overcome by words indicating they should take per capi-ta. We, therefore, are of the opinion the appellants’ rebuttal argument is not conclusive on the point.
Moreover, we are of the opinion we cannot presently adopt a per stirpes retrospective application so as to express an intent on the part of the testator that the named devisees take the share their deceased ancestor would have taken had he or she lived because this would contradict the testator’s expressed intention that his nephews and nieces take in equal shares.
From the will before us we again observe that the testator made no reference whatsoever to his deceased brothers and sisters, the ancestors of his nieces or nephews. We conclude the phrase “per stirpes and not per capita” in the will before us expresses the testator’s intention that in the event one of the designated devisees died prior to the effective date of the will, the deceased devi-see’s share would pass to the devisee’s heirs per stirpes and be distributed by the laws of descent and distribution. By this construction the testator’s intention that his named nephews and nieces take in equal shares is not transgressed, leaving it meaningful; additionally the following phrase “per stirpes and not per capita” has meaning in that it makes provision for a contingency that could not be ascertained at the time the will was written as well as preventing the possibility of a lapsed legacy with intestate descent. We, therefore, affirm the trial court.
AFFIRMED.
SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, BOWLING and DAN M. LEE, JJ., concur.
HAWKINS, J., takes no part.