SELIG *v.* TROST ET AL.

[70 South. 699.]

1. WILL. *Construction. Power of testamentary disposition. Executory devise.*

When a testator by will gave all of his property to his wife, with full power to mortgage or sell it and to give perfect title thereto, and providing that after her death the residue should be divided equally among his children. In such case the wife has the use and enjoyment of the property during her lifetime, with full power to mortgage or sell it and in the event it or any portion thereof should not be sold by her, it should be divided after her death equally among his children.

2. WILLS. *Construction. Executory devise.*

Such a will must be construed as a whole, but if it were permissible to construe the two clauses of it separately, and if by so doing to hold the first to be a devise in fee, the limitation over contained in the second clause would be void as an executory devise.

APPEAL from the chancery court of Londes county.
HON. J. F. McCOOL, Chancellor.

Suit between William Trost and others, executors, and Mrs. Hanna L. Selig for construction of the will of Samuel Selig deceased. From a decree for complainant, defendant appealed.

The facts are fully stated in the opinion of the court.

*W. H. Kier,* for appellant.

*Owen & Garnett,* for appellee.

SMITH, C. J., delivered the opinion of the court.

The will of Samuel Selig, deceased, submitted to us by this record for construction, contains the following item:

"First. I will and bequeath all the property of which I may die possessed, real, personal and mixed to my beloved wife Crescentia, to use, enjoy and control the same and the proceeds thereof, with the full power to sell, mortgage and dispose of the same and to make good and perfect title thereto.

"Second. After the death of my said wife, I desire and will that what remains of my said property shall be divided equally between my children, share and share alike; the share of any one who may be dead to go to his or her heirs. In no wise however to be construed to limit the power of my said wife over the said property or to prevent my said wife from selling or disposing of the same, or mortgaging the same or from using and enjoying the same or the proceeds thereof."

Mrs. Selig, also now deceased, survived her husband, and by will devised the property received from him; her power so to do being the sole question for decision presented to us by this record.

Taking the will by its four corners and construing it as a whole, it is clear that the testator did not mean

to vest his wife with power to dispose of the property by will, but that what he did mean is simply this: That his wife should have the use and enjoyment of the property during her lifetime, with full power to mortgage or sell it, and that in event it, or any portion thereof, should not be sold by her, it should be divided after her death equally among his children.

There are cases cited by counsel for appellee which uphold their contention that by the first clause of this will Mrs. Selig was vested with an estate in fee simple, and that the limitation over after her death to the children of the testator is void. These cases, however, proceed upon the mistaken theory that the two clauses of the will can be construed separately and by ignoring the whole doctrine of executory devises. The will must be construed as a whole, but, if it were permissible to construe the two clauses of it separately, and by so doing to hold the first to be a devise in fee, the limitation over contained in the second clause would be valid as an executory devise. 2 Black. Comm. star p. 173; 2 Jarman on Wills, p. 1432.

The court below having upheld the will of Mrs. Selig, its decree will be reversed, and the cause remanded.

*Reversed and remanded.*