SPIVA *et al.* v. COLEMAN *et al.*

[In Banc. No. 20941.]

1. WILLS. *Bequest of wife with limitation over of property undisposed of held to give only a life estate with power of disposition.* Under a will giving all of testator's property to his wife to have,

use, dispose of, or to sell and convey absolutely if she so desires, and further providing that at her death, if there remained any of said property undisposed of by her before her death, the property is devised to certain devisees, the wife was only given the use and enjoyment of the property during her lifetime with power to mortgage or sell, with remainder to these devisees.

2. WILLS. *Intent gathered from will as a whole.*

A will must be construed as a whole to ascertain the intention of the testator.

APPEAL from Chancery Court, Choctaw County;
HON. A. Y. WOODWARD, Chancellor.

Suit by Jack G. Coleman and others against Marshall Spiva and others. A demurrer to the bill was overruled, and defendants appeal. Affirmed and remanded.

*J. Seawright, J. N. Flowers and E. B. Cooper,* for appellant.

Appellee recites and relies upon the case of *Selig* v. *Trost,* 110 Miss. 384. He states that our efforts have been aimed at this case but have not mentioned it. We have cited the cases of this court on the identical question and these cases lead to a conclusion contrary to that reached in the Selig Case.

We are frank to admit the similarity between the wills in the case at bar and the Selig Case. But we say that this case is contrary to the trend of judicial opinion here and elsewhere. And we ask of the court again the examination of the questions found in this case.

This court said in the case of *Johnson* v. *Delome Company,* 26 So. 360: "The intention of the testator is the polar star for inquiry in the interpretation of his will, but such intention must be collected from the words which he has employed. The question is not what he wished, but what he has said."

Now if the court is seeking what Judge Terral says in the Johnson case should be sought, we submit that the Selig case is unsound because it is contrary to the statute and to every other utterance of this court, upon the question.

In the first clause of the Selig will and the second clause of the will in the case at bar there is a general devise of all property. There is nothing to indicate that a life estate was intended. There is not a single expression of "for life" or "during her life time." The only limitation that can come into either of these cases is the succeeding clause of the will. We are frank to admit that if this court desires to do what Henry Coleman wished to do, it may follow the Selig case. Because the Selig will and the will in this case cannot stand unless you do declare that a life estate was granted.

But if you do so declare it, it will be in the face of every principle of construction heretofore adopted by this court.

In section 2764 of the Code of 1906, the legislature enacted that every conveyance or devise of land shall be deemed a free simple unless a less estate is limited by express words or unless it clearly appears that a less estate was intended.

In *Tatum* v. *McClelland,* 50 Miss. 1, this court held that a devise generally was in fee unless "the testator gives to the first taker an estate for life only by certain and express words.—" But this was no new rule for it was so held in *Andrews* v. *Brumfield,* 32 Miss. 107.

We shall again call to the attention of the court the case of *Moran* v. *Moran,* 106 N. W. 51 L. R. A. (N. S.) 323. This case correctly reflects the modern opinion. It is on all fours with the case at bar. It has to consider the identical questions.

So we submit that the court in holding in the Selig case that a life estate only was granted was doing what its

own rules of construction and the statute of the state say should not be done. If Henry Coleman desired only a life estate to vest in his wife he could have so said. Conceding that he wished it, he has not done it. And as was said in the Johnson Case, it is not what he wished but what he intended.

So in the light of these authorities we submit that the Selig case is not sound in holding that only a life estate was granted.

The court again says that the power "to dispose" did not vest the power to dispose of the property by will. But this court in *Andrews* v. *Brumfield*, 32 Miss. 107, held to the contrary. There we find an express life estate with "power to dispose of at her discretion." This court held that the disposition by will was a valid disposition. And the word dispose in the will can have no other meaning. The power to sell is expressly given. If it does not mean to give by will or otherwise it is useless. And again the court will find that standard dictionaries define it.

So if correct in our contention that no life estate was given Priscilla Coleman, in the second clause of the will, it follows that there is a fee limited on a fee.

This court in *Selig* v. *Trost* holds that the limitation over is valid as an executory devise. We submit that this is error as the authorities plainly show.

In the first place in *Tatom* v. *McLellan*, 50 Miss. 1, this court cites with approval the holding of the Chancellor to the effect that a devise to a wife, and in the case of death without giving by will otherwise to a daughter, such devise to the daughter is null and void either "as a remainder or executory devise."

In *Howard* v. *Carusi*, 109 U. S. 725, 27 L. Ed. 1089, the supreme court of the United States considers this question in its broadest sense. The court said: "The rule is well established that, although generally an estate may be devised to one in fee simple or fee tail, with a limita-

9—122 Miss.

tion over by way of executory devise, yet when the will shows a clear purpose of the testator to give an absolute power of disposition to the first taker, the limitation over is void.''

In this case the history of executory devises is outlined. Without prolonging the brief, this case is submitted for the history and true rule.

If Mrs. Coleman took a fee, and we earnestly submit that she did, the devise to others, we submit, is void either as a remainder or as an executory devise. But even with the other features determined adversely still the power to dispose included the power to devise.

Counsel cites article 4 of the will as decisive of the case. But this has nothing to do with it. He says that it indicates an intent that his relatives should have half. But he admits that she was empowered, if she desired, to give it all to her. That, to use a logician's phrase, is a *reductio ad absurdum*.

Counsel says that "before her death" is conclusive here. While a will may speak after the death, does counsel recall a case where a will was made after death? is not a will a disposition though not operative until death? Does counsel say that Mrs. Coleman did not have the power to convey the property reserving a life estate? Manifestly it could be done.

Counsel in commenting on the *Andrews* v. *Brumfield* case says there were no limitations over. She possessed only a life estate with power of disposal. Was there not a limitation over to the lawful heirs of the estate? Clearly so. Yet counsel says clearly there was no testamentary power in Mrs. Coleman in the case at bar. Yet in the Andrews case she was empowered to dispose of it just as here. It did not say "devise." It simply said "dispose." Counsel quotes from 2 A. F. R. Yet this quotation is in the teeth of *Andrews* v. *Brumfield*.

Also further in every case cited by the annotater there is attached to the power of disposition the condition that such disposition must be for the "support and maintainance of the life tenant," or "for her comfort."

Most certainly where the power to dispose is only for such purposes she can't devise it because it wouldn't be for her comfort.

But we rest particularly upon our contention that the holding of article 2 to be the devise of a life estate is incorrect and in the face of the settled rules of construction of this court and others.

*Hanner Lee* and *G. G. Lyell,* for appellee.

The very cases cited support the rule for which we contend: That what is apparently a fee simple estate granted by early provisions in a will may be cut down by implication from subsequent provisions in the will to a life estate.

The very cases cited by counsel in that paragraph support our contention absolutely and we merely refer to them to avoid repetition. See especially 27 L. R. A. (N. S.) 1047, 1050.

Counsel starts off his brief by stating that "devise to one generally with power of absolute disposition carries the fee." One trouble with that statement is that it has no application to the case at bar. If anyone can read the will of Henry Coleman and say that he ever contemplated or authorized his wife to make a devise of what she did not spend and exhaust in her lifetime, then we contemplate with misgivings making any will at all if the H. C. L. and the income tax and other taxes leave us anything for the will to operate upon. Counsel's whole argument is what the logican cals *petitio principii*—a begging of the question.

It is clear that no right to convey or dispose of absolutely is given Henry Coleman's widow except a disposition effective in her life time.  Her will could speak only from her death.  Hence property that she attempted to dispose of by her will, was not, to quote his will, disposed of by said Priscilla Coleman, ''before her death.''

Counsel cited Jarman on Wills in his original brief. But Mr. Jarman recognizes that the authorities are not uniform, although counsel, in argument said we had not cited any case to the contrary.  There is an abundance of authority on our side and we cited in our original brief 40 Cyc. ''Wills,'' pages 1382, 1386, 1394e; *Ibi.* page 1629 - (III) ; and note 12 and annual annotations supplementing said note and page 1630 and note 16, supporting the text which reads: ''WHERE THE FIRST GIFT IS NOT EXPRESSLY FOR LIFE, THE GIFT OF THE REMAINDER OVER AFTER THE POWER MAY SHOW THAT A LIFE ESTATE ONLY WAS INTENDED.''

In the Annual Annotations to Cyc. for 1914-1918, a number of additional authorities are cited to support the text, including *Selig* v. *Trost,* 110 Miss. 584, 70 So. 699.

As before remarked, Mr. Jarman, points out the split in the authorities on the question of whether repugnancy between first and later clauses in a will will render the limitation over void. See 1 Jarman on Wills (6 Ed.), pages 566 and 453, 454; *Fecht* v. *Henze,* 162 Mich. 52, 127 N. W. 26, there is no repugnancy.

It is perfectly obvious that counsel is trying to have this court make the will of Henry Coleman speak something that he never intended. By using the word ''absolutely'' in the first article of the will, ''to have, use, dispose of, or to sell and convey absolutely'' obviously meant only that she could pass a fee simple title by deed, without any reservations. It is not a devise to her absolutely. *Tatum* v. *McClellan,* 50 Miss. 1, so much relied upon by counsel is really a strong case in our favor.

In the instant case the will of Henry Coleman expressly devises and bequeaths everything that his wife had not disposed of in her lifetime. See article 3. *Tatum* v. *McLellan,* repeatedly lays down the rule that the intention of the testator must prevail. And the court in every instance attempts to reach the intent of the testator." Page 6.

So, likewise, the language of the will in *Andrews* v. *Brumfield,* 32 Miss. 107, is quite different from the case at bar. The court held, at page 115, that "It appears manifestly, to have been the testator's intention to confer an unrestricted power of disposition. But in the case at bar, it is equally obvious that Mrs. Coleman was not given power or right to devise the property, for the will of Henry Coleman devises all the real and personal property, or proceeds of same, "which I die seized and possessed undisposed of by the said Priscilla Coleman before her death."

The cases are not in the same township and range. In conclusion, we again submit that a will cannot operate in the lifetime of the testator. It is not effectual to dispose of property, before one's death."

The decree of the Chancery Court must be affirmed.

SYKES, J., delivered the opinion of the court.

The appellees complainants in the chancery court, in their bill filed after the death of Mrs. Priscilla Coleman claimed certain property as devisees under the will of Henry Coleman, deceased. Mrs. Priscilla Coleman had attempted to devise this property to appellants (defendants in the lower court). A demurrer was interposed to the bill which was overruled by the court. From which decree an appeal was granted to this court.

The question here presented is a construction of articles 2 and 3 of the will of Henry Coleman. Article 2 and

that part of article 3 to be construed read as follows:

"Art. 2. I will bequeath all the property real, personal or mixed of every description whatever (after my debts and funeral expenses are paid and a suitable tomb erected over my grave as provided for in article one of this will) of which I may die seized and possessed of to my beloved wife, Priscilla Coleman, to have, use, dispose of or to sell and convey absolutely if she so desires.

"Art. 3. That at the death of my wife, said Priscilla Coleman, if there shall remain any of the said property or proceeds thereof which I shall die seized and possessed undisposed of by said Priscilla Coleman before her death then it is my will that one half of my said property or the proceeds thereof I may die seized and possessed undisposed of by said wife Priscilla before death shall be divided among my sisters, nephews and nieces as follows, to wit," naming certain devisees.

The property devised to Mrs. Priscilla Coleman by Henry Coleman under this will, undisposed of by her during her lifetime, Mrs. Priscilla Coleman attempted to devise to defendants by will. The question for determination here is whether or not, under article 2 of Henry Coleman's will, Mrs. Coleman was devised a fee-simple title to the property in question, or whether, when construing article 2 and article 3 together, she was merely devised a life estate with power to dispose of it during her lifetime. Articles 2 and 3 of this will in all material aspects are similar to the will of Samuel Selig, construed by us in the case of *Selig* v. *Trost et al.,* 110 Miss. 584, 70 So. 699. In that case it said:

"Taking the will by its four corners and construing it as a whole, it is clear that the testator did not mean to vest his wife with power to dispose of the property by will, but that what he did mean is simply this: That his wife should have the use and enjoyment of the property during her lifetime, with full power to mortgage or sell it,

and that in event it, or any portion thereof, should not be sold by her, it should be divided after her death equally among his children.''

In this case, it therefore follows that the property undisposed of by Mrs. Coleman during her lifetime goes to the devisees mentioned in this will. The lower court so held, and its decree is affirmed, and the cause remanded, with leave to the defendants in the lower court to answer the bill within sixty days after the mandate of this court has reached the lower court.

*Affirmed and remanded.*