ROSE *v.* BENNETT.

(Division B. Jan. 18, 1943.)

[11 So. (2d) 307. No. 35211.]

Stone & Stone, of Coffeeville, for appellant.

R. F. Kimmons, of Water Valley, for appellee.

Argued orally by **W. I. Stone**, for appellant.

**Anderson, P. J.**, delivered the opinion of the court.

The estate of W. M. Wilson was being administered under his will in the Chancery Court of Yalobusha County. The estate of his brother, John P. Wilson, was being administered under his will in the Chancery Court of Montgomery County. They had a nephew Marvin Wilson. Item 5 of the will of W. M. Wilson is in this language:

"5. I will and bequeath to my brother John P. Wilson, One Thousand Dollars ($1,000.00), and at his death if any part thereof remains unused by him I will and direct

that it shall become the property of my nephew Marvin Wilson.''

The question in the case is whether this $1,000 legacy belongs to the estate of John P. Wilson or the nephew Marvin Wilson. The solution of that question depends on whether it remained ''unused'' by the former at the time of his death. In his will W. M. Wilson disposed of his entire estate. His will was executed on the 10th day of December, 1940, and he died the next day. It was probated on the 14th day of December, 1940. On about the 2nd of January, 1941, John P. Wilson filed a contest claiming that the will was void because his brother was mentally incapable of making one and that it violated the Mortmain statute. Within a few hours thereafter John P. Wilson died. He, therefore, survived his brother, W. M. Wilson, less than a month. Later the executrix of John P. Wilson withdrew the contest. On the 15th of December, 1941, the executor of W. M. Wilson filed his final account and with it a petition making all the legatees and devisees under the will parties, and in addition the executrix of the will of John P. Wilson. In the petition it was set out that John P. Wilson during his lifetime used no part of the $1,000 disposed of in Item 5, and therefore it belonged to the nephew Marvin Wilson. The latter answered the petition making the same claim; while the executrix of John P. Wilson set up in her answer that it belonged to her testator and therefore she was entitled to receive it and administer it as a part of his estate, and that the Chancery Court of Yalobusha County was without authority under the law to decide that question. In her answer there is no allegation that the $1,000.00 legacy had been used in whole or in part by her testator during his lifetime.

Section 352, Code of 1930, is in this language: ''The court in which a will may have been admitted to probate, letters of administration granted, or a guardian may have been appointed, shall have jurisdiction to hear and de-

termine all questions in relation to the execution of the trust of the executor, administrator, guardian, or other officer appointed for the administration and management of the estate, and all demands against it by heirs at law, distributees, devisees, legatees, wards, creditors, or others; and shall have jurisdiction of all cases in which bonds or other obligations shall have been executed in any proceeding in relation to the estate, or other proceedings, had in said chancery court, to hear and determine upon proper proceedings and evidence, the liability of the obligors in such bond or obligation, whether as principal or surety, and by decree and process to enforce such liability.''

Under the statute the Chancery Court of Yalobusha County and not the Chancery Court of Montgomery County had the right in the administration of the estate of W. M. Wilson to decide to whom this legacy belonged. The chancellor held that it belonged to the nephew Marvin Wilson, and we are of opinion he was correct in so holding.

The evidence showed without conflict that no part of the $1,000 was paid to John P. Wilson in cash during his lifetime, nor was there any evidence that he had obtained credit on the faith of that bequest, if that would have been using it, which we do not decide. His executrix does not so allege in her petition nor does she offer any evidence to that effect.

Affirmed.