COOPER, N. C. M. BY GUARDIAN *v.* SIMMONS, et al.

No. 41302          December 7, 1959          116 So. 2d 215

October 5, 1959                    114 So. 2d 614

*Russell Wright,* Meridian, for appellant.

632

*Thos. K. Holyfield,* Meridian, for appellees, William Donald Simmons, et al.

*Floyd, Cameron & Deen,* Meridian, for appellee, Merchants & Farmers Bank of Meridian.

HALL, J.

This is an appeal by Miss Bernice Simmons, guardian of Mrs. Cornelia Cooper, n. c. m., from a decree of the Chancery Court of Lauderdale County which rejected her contention on the construction of the last will and testament of Mrs. Eugenia Shannon, deceased, that Mrs. Cooper was entitled to a one-half interest in the estate of the decedent.

The litigation arose out of these circumstances: Mrs. Cornelia Cooper, Mrs. Mamie S. Phillips and Mrs. Eugenia Shannon, sisters, were all widows and childless. Except for themselves as heirs of each other, their only next of kin and heirs were the five children of their deceased brother, William D. Simmons, to-wit, William Donald Simmons and four others.

On the day of the trial, that is November 24, 1958, Mrs. Cooper, the eldest of the sisters, was 81 years old.

She lived in her home at Kewanee, about 17 miles from Meridian, and had an estate in stocks, bonds and cash of approximately $50,000. Mrs. Phillips, about two years younger than Mrs. Cooper, died July 17, 1957. Mrs. Shannon, the youngest, passed away on December 23, 1957. But, for several years prior to their deaths, these two sisters had lived together in Meridian.

Both Mrs. Phillips and Mrs. Shannon made and signed holographic wills dated February 4, 1955, and June 23, 1953, respectively.

The applicable provisions of Mrs. Phillips' will were as follows:

"II. I devise and bequeath unto my sister Eugenia S. Shannon all my estate both real and personal of which I may die seized and possessed.

"III. I hereby appoint my sister Eugenia Shannon as executrix without bond of my last will and testament, direct that she shall not be required to make any report to the courts touching my estate.

"IV. It is my desire that whatever part of my estate remaining in her possession at time of her death shall be divided equally between my brother William D. Simmon's five children.

"It is my wish that Joy Schmeirer have my diamond ring and other jewelry and that Constance Barbre Jr. have my silver.

"V. Should my sister Nelia Cooper be in need of assistance it is my earnest wish that some of my possessions be used for her relief.

"VI. In the event of the death of my sister Eugenia S. Shannon, I appoint Merchants and Farmers Bank of Meridian, Miss. to take charge of my estate and dispose of same as requested.

"Pray no trouble shall be experienced in adjusting these matters."

The applicable provisions of Mrs. Shannon's will were as follows:

"II. I devise and bequeath unto my sister Mamie S. Phillips, all my estate, both real and personal, of which I may die seized and possessed.

"III. I hereby appoint my sister Mamie S. Phillips as executrix without bond of my last will and testament, direct that she shall not be required to make any reports to the courts touching my estate.

"IV. It is my desire that whatever part of my estate remaining in her possession at time of her death shall be divided equally between my brother Williams' five children.

"It is my wish that Constance Barbre, Jr. shall have my diamond ring and other jewelry, and Joy Scheirer have my silver knives, forks, spoons, etc.

"V. Should my sister Nelia Cooper be in need of assistance, it is my earnest wish that some of my possessions be used for her relief.

"VI. In event of the death of Mamie Phillips, I appoint Merchants & Farmers Bank of Meridian, Miss., to take charge of my estate and dispose of same as requested.

"Pray no trouble shall be experienced in adjusting these matters."

Mrs. Shannon offered Mrs. Phillips' will for probate, and, on July 23, 1957, letters testamentary were issued to her. Notice to creditors was published, but the six month period for probating accounts had not expired nor had the estate been closed prior to her death.

The Merchants & Farmers Bank of Meridian, Mississippi, offered the will of Mrs. Shannon for probate, and on January 24, 1958, letters testamentary were issued to it. The estate, consisting of both real and personal property, was shown to be worth approximately $30,000.

The appellant contended in the court below and contends here that since Mrs. Phillips predeceased Mrs. Shannon, the estate theretofore willed to Mrs. Phillips by Mrs. Shannon lapsed and never came into existence.

Consequently the estate must be dealt with in accordance with the laws of descent and distribution, and Mrs. Cooper is entitled to a one-half interest therein.

The trial court rejected this contention and held that the five children of William D. Simmons, deceased, namely William Donald Simmons and four others, appellees, are entitled to all of the assets of the estate, subject to certain payments not here in dispute.

██ █ It was said in Low v. First National Bank & Trust Co., 162 Miss. 53, 138 So. 586, that courts cannot amend or reform a will; In National Bank of Greece v. Savarika, 167 Miss. 571, 148 So. 649, that the power of the courts is simply judicial; in Williams v. Gooch, 208 Miss. 223, 44 So. 2d 57, that courts cannot add to or take from a will, or make a new one for the parties; in Rice v. McMullen, 207 Miss. 706, 43 So. 2d 195, that the courts are concerned solely with the intention of the testatrix; ██ █ in Cross v. Cavanagh, 198 Miss. 137, 21 So. 2d 473, all provisions of a will must be considered and held to be valid and effective if reasonable; ██ and in Palmer v. Crews, 203 Miss. 806, 35 So. 2d 430, that a will is to be construed so as to avoid intestacy as to any of the testator's property, if it can be reasonably done.

Now in Selig v. Trost, 110 Miss. 584, 70 So. 699, the second provision of Selig's will was as follows: "Second. After the death of my said wife, I desire and will that what remains of my said property shall be divided equally between my children, share and share alike; the share of any one who may be dead to go to his or her heirs. In no wise however to be construed to limit the power of my said wife over the said property or to prevent my said wife from selling or disposing of the same, or mortgaging the same or from using and enjoying the same or the proceeds thereof." Mrs. Selig, who survived her husband, by will devised the property, which she had received from him, and her power to do

so was the sole question for decision. The opinion then said: "Taking the will by its four corners and construing it as a whole, it is clear that the testator did not mean to vest his wife with power to dispose of the property by will, but that what he did mean is simply this: That my wife should have the use and enjoyment of the property during her lifetime, with full power to mortgage or sell it, and that in event it, or any portion thereof, should not be sold by her, it should be divided after her death equally among his children."

In Spiva v. Coleman, 122 Miss. 142, 84 So. 144, Henry Coleman, in article 2 of his will, had bequeathed all of his property to his wife, Priscilla Coleman, "to have, use, dispose of or to sell and convey absolutely if she so desires." But, in article 3 thereof, he further provided: "That at the death of my wife, said Priscilla Coleman, if there shall remain any of the said property or proceeds thereof which I shall die seized and possessed undisposed of by said Priscilla Coleman before her death then it is my will that one half of my said property or the proceeds thereof I may die seized and possessed undisposed of by said wife Priscilla before death shall be divided among my sisters, nephews and nieces as follows, to wit" naming certain devisees. Mrs. Coleman attempted to devise by will the property undisposed of by her during her lifetime. The opinion cited Selig v. Trost, supra, and held that she could not make such disposition, saying "the property undisposed of by Mrs. Coleman during her lifetime goes to the devisees mentioned in the will."

In Rose v. Bennett, 193 Miss. 878, 11 So. 2d 307, the testator bequeathed $1,000 to his brother John P. Wilson, "and at his death if any part thereof remains unused by him, I will and direct that it shall become the property of my nephew Marvin Wilson." John P. survived his brother, the testator, less than a month, and used no part of the $1,000. The trial court held that the

nephew was entitled to the bequest, and this Court affirmed the decree.

When Mrs. Shannon, on June 23, 1953, by article 2 of her will, devised to Mrs. Phillips all of her estate of which she might die seized and possessed, she also said, in article 4 thereof, "It is my desire that whatever part of my estate remaining in her possession at time of her death shall be divided equally between my brother Williams' five children." While she appointed Mrs. Phillips as executrix, she also provide, in article 6, "in event of the death of Mamie Phillips, I appoint Merchants & Farmers Bank of Meridian, Miss., *to take charge of my estate and dispose of same as requested.*" (Emphasis supplied).

Clearly the dominant purpose of this devise and bequest was that Mrs. Phillips, if she survived the testatrix, would have all of the property. She could use it or dispose of it as she saw fit. However, if she did not exhaust or dispose of it, then whatever was left — "remaining in her possession at time of her death" — would be divided among her brother's five children. On the happening of this contingency, namely, the death of Mrs. Phillips, the Merchants & Farmers Bank was directed "to take charge of my estate and dispose of same as requested," undoubtedly meaning to divide the estate among William's five children.

The appellant says that the trial judge imposed an executory devise upon a lapsed legacy. This contention is not justified when the two provisions, articles 2 and 4, are considered together. These provisions are complementary to each other and must be interpreted as a whole; and, when this is done, no substantial difficulty is presented because obviously the bequest in its entirety did not lapse.

Neither is it of any avail to the appellant that Mrs. Shannon, knowing that Mrs. Phillips had died, failed to change her will so as to omit Mrs. Phillips as a devisee.

Actually it must be taken for granted that the testatrix, after and because of the death of her sister, knew that Mrs. Phillips could not take possession of any of the property which had been bequeathed to her. Now that Mrs. Phillips could take nothing, if the testatrix had desired to change her will, obviously she would have done so. She made no change because undoubtedly she was of the same mind as before, namely, that the Merchants & Farmers Bank, upon her death, would take charge of and divided the estate among William's five children.

In this connection, see 19 Am. Jur., Estates, Section 130, pg. 586, as follows: "The primary gift may lapse or fail if its object dies before the will can operate at all, but such lapse or failure has no tendency to defeat an independent and ulterior limitation to other objects who are living at the testator's death. In such cases the question is not one of lapse, but of interpretation and intention. The mere lapse of intervening estates will never be allowed to defeat the remainder over unless these estates are coupled with conditions on which the subsequent limitations are in some way made to depend. Thus, under a devise and bequest to the testator's son of real and personal property for life, and to his heirs in case he dies leaving issue, or if he dies without issue to the testator's nephews and nieces, if the son should die without issue before the testator, there would be no lapse, but the contingent limitation would take effect in favor of the nephews and nieces."

In her brief, the appellant says that the trial court entirely ignored the wish of the testatrix in regard to Mrs. Cooper as contained in article 5 of the will. But the record indicates that this question was not even raised in the trial court. Besides, in his written opinion, the chancellor said: "The court, of course, has been advised by all the parties, and especially the attorney for Mrs. Cooper's estate, that no issue is being made as to

the trust or supposedly trust as set out in Item 5.'' In view of the record in this particular, the appellant is in no position now to complain about this phase of the will.

When the rules of construction, as hereinbefore set out, are kept in mind, it is clear that the trial court correctly construed the provisions of the will. From which it follows that this cause must be, and is, affirmed.

Affirmed.

*Roberds, P. J.,* and *Kyle, Arrington* and *Gillespie, JJ.,* concur.

### ON MOTION TO STRIKE

HALL, J.

This is a suit for construction of the provisions of a last will and testament. The record has been filed in this Court and the appellants have made a motion to strike from the record the petition to probate the last will and testament, and for letters testamentary shown on pages 1 to 6, inclusive, of the record, and the decree admitting the will to probate and granting letters shown on pages 7 to 9, inclusive, and the executor's bond and oath shown on pages 10 to 12, inclusive, and the letters testamentary shown on pages 13 and 14, and the petition for authority to sell an automobile shown on pages 15 and 16, and the various bids for the automobile shown on pages 17 to 28, inclusive, and the decree authorizing the sale of the automobile shown on page 29, and the order directing the payment of funeral expenses shown on page 30 as well as the petition of the executor to pay the funeral expenses shown on page 31, and the receipt of the executor for assets of the estate from C. H. Ryan, former guardian, shown on pages 32 to 37, inclusive, and the petition for authority to pay for a grave marker shown on page 38, and the order authorizing payment of same shown on page 39, and the first annual account

of the executor shown on pages 73 to 83, inclusive, and the decree approving the first annual account shown on pages 84 and 85.

None of the foregoing instruments have anything whatsoever to do with the subject of this suit which is for the construction of the will. No question is made about the probate of the will or the sale of the automobile or the payment of funeral expenses or the purchase of a grave marker nor as to the various expenditures shown on the first annual account of the executor and no question is made as to the decree approving the first annual account. Hence it appears that all of the foregoing mentioned instruments are wholly unnecessary for a consideration of this case and they should not have been included in the record.

■■ ■ The motion to strike the foregoing pages and to disallow all the costs of putting such pages in the record, is hereby sustained. Carroll Notion Co., et al. v. Neville, 217 Miss. 699, 65 So. 2d 140, 146.

Motion sustained.

*Roberds, P. J.,* and *Holmes, Ethridge,* and *Gillespie, JJ.,* concur.