UNITED STATES of America, Appellant,

v.

BANK OF CLARKSDALE, Executor of the Estate of Mae Suddoth Barr, Deceased, Appellee.

No. 21443.

United States Court of Appeals
Fifth Circuit.

June 7, 1965.

Rehearing Denied July 23, 1965.

---

Harold C. Wilkenfeld, Atty., Dept. of Justice, Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Howard Feldman, Mark Rothman, Attys., Dept. of Justice, Washington, D. C., H. M. Ray, U. S. Atty., Oxford, Miss., for appellant.

Pat D. Holcomb, Holcomb, Curtis & Connell, Clarksdale, Miss., for appellee.

Before BROWN and BELL, Circuit Judges and HUNTER, District Judge.

GRIFFIN B. BELL, Circuit Judge:

This appeal involves income taxes for the year 1959. The bank, in its representative capacity, paid the tax, after assessment, and sued for refund after claim for refund was denied. The District Court ruled for the taxpayer and the government appeals.[1] See Bank of Clarksdale, Executor of the Estate of Mae Suddoth Barr, Deceased, N.D.Miss., 1963, 224 F.Supp. 698.

The question presented turns on the basis to be used in computing gain realized on the sale of real property. Mr. and Mrs. Barr executed a joint will in 1932. They were residents of Mississippi. The government contends that the basis is the fair market value of the property as of the date of the death of Mr. Barr in 1933. The taxpayer contends that the basis is the value as of the death of Mrs. Barr in 1957.

Under the Mississippi law, a joint will constitutes the separate will of each of those executing it and affects only the property of the respective testators. It may be probated as the will of each, and its legal effect is separate

---

1. The bank filed a motion to dismiss in this court, alleging undue delay on the part of the government in processing the appeal together with an alleged procedural default. It appears that the government complied with the rules in all respects save one and in that instance, involving the docketing of the record on appeal, any default was cured by an order of this court filed on April 7, 1964. The motion to dismiss is thus denied.

and distinct. See Hill v. Godwin, 1919, 120 Miss. 83, 81 So. 790.

2. The joint will in pertinent part:

Item 1—Payment of debts.

Item 2—"The said W. B. Barr does hereby will devise and bequeath to his wife, the said Mae Suddoth Barr, his entire estate, real, personal and mixed or whatever kind and wheresoever located for and during the term of her natural life to be held and dealt with by her as she may see fit, she to have absolute control over all of said property with power to spend or negotiate or sell any and all of said property as she may see fit without accounting to anyone therefor, provided the said Mae Suddoth Barr shall at the date of the death of the said W. B. Barr be not incapacitated in mind or body; but in the event the said Mae Suddoth Barr shall be incapacitated as aforesaid by some misfortune, then and in that event the Bank of Clarksdale, Clarksdale, Mississippi, shall be appointed by the Chancery Court of Coahoma County, Mississippi, to take charge of and manage all of said estate for the full and complete benefit of the said Mae Suddoth Barr, and to manage and expend said estate in such a manner that the said Mae Suddoth Barr shall always be provided with every comfort and have the best attention known to Medical Science, even to the entire extinguishment of said estate, if necesssary."

Item 3—"The said Mae Suddoth Barr does hereby will, devise and bequeath to her said husband, the said W. B. Barr, her entire estate, real, personal and mixed of whatever kind, character and description and wheresoever located, to have and to hold as his own unconditionally, with full power to sell, dispose of and deal with as he may see fit."

Item 4—"It is the further will and desire of both parties hereto, that in the event the said Mae Suddoth Barr shall survive the said W. B. Barr, out of any money and property remaining, at her death, the following special bequests and legacies shall be paid:"

Items 5–16—Specific bequests.

Item 17—"Upon the death of the said Mae Suddoth Barr, we will, devise and bequeath the residue and remainder of said estate, real, personal and mixed, remaining after the payment of the above mentioned bequests, to the parties hereinafter mentioned in this item of this will, and in the proportions herein set out, which proportionate parts of said residue and remainder shall be arrived at and given as follows:—

The will [2] in this case was construed by the Supreme Court of Mississippi in

"To the value of said balance and remainder, there shall be added the amount of the bequests paid to Mrs. Florence B. Carson, Sr., Mrs. Angie McClelland and Miss Bernie Suddoth, as hereinbefore provided; and of the sum thus arrived at, we give, devise and bequeath to A. E. Suddoth, the brother of the said Mae Suddoth Barr, a one-sixth part, share and portion thereof, and to Mrs. Angie McClelland, the sister of the said Mae Suddoth Barr, a one-sixth part share and portion thereof, less the sum of $1000.00 (hereinbefore directed to be paid to her) and to Miss Bernie Suddoth, the sister of the said Mae Suddoth Barr, a one-sixth part, share and portion thereof, less the sum of $1000.-00 (hereinbefore directed to be paid to her), but we direct that the sums so devised and bequeathed to them the said sisters of the said Mae Suddoth Barr, be held by the bank of Clarksdale, Clarksdale, Mississippi, as Trustee for their use and benefit and direct said Bank of Clarksdale to pay over this estate to the said Mrs. Angie McClelland and Miss Bernie Suddoth, share and share alike, in monthly payments in proportion as their expectancy of life indicated by the mortality tables adopted by the leading life insurance companies; and

"The remaining half of said sum arrived at by adding to the value of said residue and remainder, the amount of said bequests as hereinbefore set out in this item, we give, devise and bequeath as follows:—

"To Mrs. Florence B. Carson, Sr. twenty-five per centum thereof, less the sum of $1000.00 hereinbefore directed to be paid to her; to the heirs of Mrs. T. G. Dabney, twenty-five per centum thereof; to J. C. Bowmar, twenty-five per centum thereof; to Mrs. W. A. Weatherall, fifteen per centum thereof; to Frank Barr of Starkville, Mississippi, five per centum thereof and to Mildred Barr of Starkville, Mississippi, five per centum thereof;

"But it is our will and desire, and we so direct that none of the bequests or legacies herein made or created and named in items 5 to 17, both inclusive, shall be valid or payable unless the said Mae Suddoth Barr shall survive the said W. B. Barr; in case the said W. B. Barr shall survive the said Mae Suddoth Barr, then and in that event he shall take the entire estate both joint and severally whether real, personal, mixed or both, free and clear of all bequests, legacies and claims."

McClelland v. Bank of Clarksdale, 1960, 238 Miss. 557, 119 So.2d 262, in a suit to determine the rights of remaindermen. The testamentary scheme of each will is set out in that decision.

Under Item 2, Mr. Barr devised a life estate in all of this property to Mrs. Barr, giving her the power "to spend or negotiate or sell any and all of said property as she may see fit * * .* " The Mississippi Court described this as a life estate with an unlimited power of disposition. On the other hand, according to the court, Mrs. Barr devised her entire estate to her husband in fee simple by Item 3 of the will. Item 4 provided that the specific bequests made in Items 5 through 16 were to be paid, in the event Mrs. Barr survived Mr. Barr, out of any property remaining at her death. Item 17 is the residuary clause in the will of Mr. Barr in the event Mrs. Barr survived him. For our purposes we will assume, without deciding, that it was also the residuary clause in the will of Mrs. Barr. It conveyed remainder interests of one half of the residue to named relatives of Mrs. Barr, and one half to named relatives of Mr. Barr. The McClelland decision recites the fact of a stipulation that the petition for construction there involved was to be considered as one for the construction of the will of both Mr. and Mrs. Barr. However, it was held that the property in question belong to Mr. Barr at the time of his death, and thus no construction of the will of Mrs. Barr was necessary in the view of the court since she had no property at the time of her death on which the will operated. The court concluded that the remainders were vested at the time of the death of Mr. Barr in the face of the contention that the property passed in fee simple to Mrs. Barr. This contention would have elim-

inated claims of persons taking from remaindermen who died during the interim between the deaths of Mr. and Mrs. Barr. The court summarized as follows:

"In brief, in Item 2 W. B. Barr devised and bequeathed to his wife a life estate in all of his property, with an unlimited power of disposition. In Item 3 Mrs. Barr devised and bequeathed to her husband her entire estate in fee simple.

"Item 4 states that, if Mrs. Barr survives her husband, certain specific bequests are made in Items 5 through 16 'out of any money and property remaining, at her death.' [567] Item 17 is the residuary clause in W. B. Barr's will, in the event his wife, the life tenant, survived him. It conveyed remainder estates for one-half of the residue to named relatives of Mrs. Barr, and one-half to named relatives of Mr. Barr."

We come then to the question presented. Whether the property takes a basis [3] as of the death of Mrs. Barr depends on whether she received a general power of appointment under the will of Mr. Barr, and went on to exercise the power by will. Section 2041 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2041, provides that a gross estate (Mrs. Barr's) shall include the value of any property with respect to which a general power of appointment created on or before October 21, 1942 is exercised by the decedent, among other ways, by will. This statute provides that the failure to exercise such a power "shall not be deemed an exercise thereof * * *." § 2041(a) (1).

■ The government urges alternatively that there was no general power of appointment,[4] or that it was not exer-

Item 18—Power of sale to bank in the event Mrs. Barr survives Mr. Barr.
Item 19—Alternative specific bequests by Mr. Barr.
Item 20—Appointment of executors.

3. See 26 U.S.C.A. § 1014 for the applicable basis statute.

4. Section 2041(b) (1) defines a general power of appointment as one exercisable "in favor of the decedent, his estate, his creditors, or the creditors of his estate; * * *."

cised. The District Court assumed that there was a general power of appointment, and its decision was premised on an exercise of the power by the residuary clause of the joint will, Item 17, which was attributed to Mrs. Barr as a part of her will. We disagree and hold that such power of appointment, if any, as Mrs. Barr received, even assuming the residuary clause was a part of her will, could not be exercised by will. We do this on the basis of the relevant Mississippi decisions which we must look to for direction in this regard. In Morgan v. Commissioner of Internal Revenue, 1939, 309 U.S. 78, 60 S.Ct. 424, 84 L.Ed. 585, the Supreme Court stated the guide to be that "State law creates legal interests and rights. The federal revenue acts designate what interests or rights, so created, shall be taxed."

Selig v. Trost, 1916, 110 Miss. 584, 70 So. 699, is in point. There the testator devised all of his property to his wife "to use, enjoy and control the same and the proceeds thereof, with the full power to sell, mortgage and dispose of the same and to make good and perfect title thereto. * * * After the death of said wife, I desire and will that what remains of my said property shall be devided equally between my children * * *." The wife attempted to devise the property received from her husband, and the Supreme Court of Mississippi held that she had no power to do so. The court stated:

"Taking the will by its four corners and construing it as a whole, it is clear that the testator did not mean to vest his wife with power to dispose of the property by will, but that what he did mean is simply this: That his wife should have the use and enjoyment of the property during her lifetime, with full power to mortgage or sell it, and that in event it, or any portion thereof, should not be sold by her, it should be divided after her death equally among his children."

The language of the present will is essentially the same, and it is apparent that Mr. Barr intended his wife's power of disposition over the property to be *inter vivos* only. See also Rives v. Burrage, 1916, 110 Miss. 789, 70 So. 893; Spiva v. Coleman, 1920, 122 Miss. 142, 84 So. 144. Andrews v. Brunfield, 1856, 32 Miss. 107, is not to the contrary. The will in that case did not provide for a remainder after the life estate with power of disposition. The absence of a remainder evidenced an intention that the power be exercised by will.

 We hold that Mrs. Barr did not receive a power of appointment under the will of Mr. Barr capable of being exercised by her will. It follows that the property is not properly includable in her estate under 26 U.S.C.A. § 2041, and that the basis of the property is its fair market value at the date of Mr. Barr's death. The District Court should have rendered judgment for the United States, and judgment is reversed and the case remanded for that purpose.

Reversed and remanded with direction.