BRADY, Justice:
The Chancery Court of Amite County, Mississippi, rendered a decree construing the last will and testament of Horace E. Wilkinson, deceased, and therein decreed that Mrs. Nora Wilkinson, his widow, was vested with a simple life estate in all of testator’s property without any power of disposition; and, upon the death of the said Mrs. Nora Wilkinson, remainder over in fee simple of all of said property shall vest in testator’s children who may be living at that time, share and share alike. From that decree this appeal is prosecuted.
The basic question before this Court is: Did the lower court err in construing the last will and testament of Horace Wilkinson as devising to Mrs. Nora Wilkinson a simple life estate in testator’s real property without the implied right in her to dispose of said real property, and in decreeing that the last will and testament upon the death of Mrs. Nora Wilkinson vested the remainder over in fee simple of all of the real property in the testator’s children who may be living at that time, share and share alike ?
The pertinent part of the will under consideration is as follows:
I hereby bequeath and devise unto my wife, Nora Wilkinson, to be her property, with the usufruct thereof, for so long as she may live. After the death of my said wife, whatever property may be then left or remaining, I devise and bequeath to my children who may be living at that time share and share alike.
It is apparent that the issue here is: Does the clause, “After the death of my said wife, whatever property may be then left or remaining, I devise and bequeath to my children who may be living at that time share and share alike,” grant unto the life tenant, Nora Wilkinson, an implied right to dispose of this real estate or only a life estate with no right to dispose of said real estate ?
*849 In a very lucid opinion, the astute chancellor held that the will devised to Mrs. Nora Wilkinson a simple life estate in the property without any power of disposition. We concur in the finding- of the chancellor, who pointed out that the issues in this case are controlled by the case of Old Ladies’ Home Association v. Miller, 217 Miss. 187, 63 So.2d 786 (1953), and Howell v. Howell, 157 Miss. 15, 127 So. 566 (1930).
The chancellor held also that there was no ambiguity in the will; that Item i directs that the debts, if any, of the testator be paid, which is correct. Furthermore, the chancellor held that all of the property of the testator, real, personal and mixed, after payment of the debts, is devised to his widow “to be her property, with the usufruct thereof, for so long as she may live” and that after the death of his wife whatever property may be then left or remaining shall go to his children who may be living at that time, share and share alike. The chancellor pointed out that there is nothing in the will which grants to the widow the power of disposition of property during her lifetime; that such a power would have to be implied.
In the case of Old Ladies’ Home Association, supra, we said:
It is generally said that in order for the court to imply a power of disposition, it must be necessary to carry out the manifest intention of the testator. A power of disposal accompanying a life estate is limited to such disposition as a life tenant can make, unless there are other words clearly indicating that a larger power is intended. * * * (217 Miss, at 198, 63 So.2d at 789).
The chancellor further found that there is nothing in the will from which he could conclude that it was the manifest intention of the testator that his widow should have the right to dispose of his property during her lifetime; that the contrary appears to be the case. The chancellor further found that it appeared to him that the testator clearly expressed the intent that whatever property was remaining after the payment of debts was to be used by the widow during her lifetime and that whatever property remained after the payment of debts and after the use thereof by the widow during her lifetime should go to the children who may be living at the time of her death, share and share alike.
In the case at bar the language in the will was, “whatever property may be then left or remaining.” In the case of Old Ladies’ Home Association, supra, the language used in the will was, “all remaining of property and effects.” We agree with the chancellor that the language in the two cases is practically synonymous and this Court held in that case that the language was not sufficient to imply power in the life tenant to dispose.
The cases of Cooper v. Simmons, 237 Miss. 630, 114 So.2d 614, 116 So.2d 215 (1959) and Cross v. O’Cavanagh, 198 Miss. 137, 21 So.2d 473 (1945) urged by the appellant as controlling are distinguishable from the case at bar in that the property conveyed in those two cases to the first taker was a fee simple title and not a life estate. In the case of Selig v. Trost, 110 Miss. 584, 70 So. 699 (1915) the life tenant was expressly granted the power of disposition.
It is to be noted in Vaughn v. Vaughn, 238 Miss. 342, 118 So.2d 620 (1960) that the residual clause bequeathed all residual property to the wife but provided that any of the same not consumed by her in her lifetime should go to the children. We held that the widow had only a limited power to invade the corpus, despite the use of the words “that is not consumed by her in her lifetime.”
We conclude that the construction placed upon the will by the chancellor is a proper one; that it was not in order for the chancellor to attempt to imply or reconstruct the will of the testator when the intention of the testator appears clear therein and in accord with the decisions of this Court relating thereto. Persuasive argument *850 abounds in the excellent brief of appellant, but for the above stated reasons the decree of the Chancery Court of Amite County is affirmed.
Affirmed.
ETHRIDGE, C. J., and RODGERS, JONES and INZER, JJ., concur.