379 So.2d 926 (1980)
Nettie S. MALONE, Executrix of the Estate of Robert Crowe Malone, Deceased,
v.
Robert C. MALONE, Jr., et al.
No. 51619.
Supreme Court of Mississippi.
February 13, 1980.
*927 Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, Charles M. Merkel, Clarksdale, for appellant.
Jacobs, Griffith, Pearson, Eddins & Povall, Charles C. Jacobs, Jr., Cleveland, for appellees.
Before ROBERTSON, P.J., and WALKER and LEE, JJ.
WALKER, Justice, for the Court.
This appeal is taken from a decree of the Chancery Court of the Second Judicial District of Bolivar County, Mississippi, entered on December 26, 1978, construing the will of Robert Crowe Malone, a lifetime resident of Bolivar County, Mississippi, who died testate on August 30, 1978. The last will and testament of the testator, dated January 9, 1978, was duly admitted to probate on September 28, 1978, and letters testamentary were granted unto Nettie Singleton Malone as executrix of the estate of Robert Crowe Malone.
After the will was duly probated, the executrix, Nettie Singleton Malone, filed a petition seeking a construction of certain provisions of the will. Several questions were posed for construction and answered by the lower court, but the only question involved on this appeal is whether the chancellor was in error in holding that the vested interest of Nettie Singleton Malone in all of the property of decedent contained and allocated to Share No. 1 was less than a fee simple interest. The pertinent provisions of the will are as follows:
If my wife, NETTIE SINGLETON MALONE, survives me, my Executor shall divide my residuary estate, wherever situated, into two parts, hereinafter designated as Share No. 1 and Share No. 2, each ascertained as follows:
(a) SHARE NO. 1 shall consist of that fractional share of my residuary estate which will equal the maximum estate tax marital deduction allowable in determining the Federal Estate Tax on my estate for Federal Estate Tax purposes, less the aggregate value for Federal Estate Tax purposes of all interests in property which passes to my wife under other provisions of this Will, or which have already passed to her or for her benefit otherwise than under this Will, by operation of law, through life insurance policies, property owned as joint tenants with the right of survivorship, or otherwise, but only to the extent that such interests are included in determining my gross estate and are allowable as a marital deduction for Federal Estate Tax purposes; provided, however, that in making these computations which shall be necessary to determine such fractional share, the final determination in the Federal Estate Tax proceedings concerning value shall control; and provided, further, that only assets that qualify for the marital deduction allowable in determining the Federal Estate Tax shall pass or be allocated to Share No. 1.
(b) SHARE NO. 2 shall consist of all the rest, residue and remainder of my property, real, personal or mixed, wheresoever located, and whether acquired before or after the execution of this Will. I do hereby give, devise and bequeath all of Share No. 2 unto THE BANK OF CLEVELAND of Cleveland, Mississippi, a Branch Bank of Grenada Bank, of Grenada, Mississippi, a Mississippi banking corporation, in Trust, however, for the following purposes, to-wit:
Said Trustee shall make all proper deductions, including compensation to said Trustee, and shall pay over and distribute the net income from said Trust in quarterly or other convenient installments, *928 but at least annually, to my wife, NETTIE SINGLETON MALONE, so long as she shall live. From and after the death of my said wife (or from and after my death if my said wife shall not survive me) I devise and bequeath the home which I own and the real estate upon which it is situated unto my son, HARRY DIX MALONE, and his wife, RACHEL MALONE.
I devise and bequeath all the rest and remainder of my property, real, personal and mixed, wheresoever situated, as follows: unto RACHEL MALONE, wife of my son, Harry Dix Malone, 1 share, for and during the term of her natural life with remainder after her death to vest in the beneficiaries of her Estate; unto ELIZABETH MALONE, wife of my son, Robert Crowe Malone, Jr., 1 share, for and during the term of her natural life, with remainder after her death to vest in the heirs of her body; unto my grandson, KARL PATRICK MALONE, 1 share; unto my grandson, MICHAEL SHAWN MALONE, 1 share; unto my granddaughter, MOLLY MARIE MALONE, 1 share; unto my granddaughter, KELLY ANN MALONE, 1 share; unto my grandson, ROBERT CROWE MALONE, III, 1 share; unto my granddaughter, LILLIAN RUTH MALONE, 1 share; and my niece, BETTY CAROLYN MALONE, 1 share.
Upon the death of my wife, any property remaining in Share No. 1 shall be added to and distributed to Share No. 2, to the same extent as if it had been an original part thereof, (Except the home and realty upon which it is situated which I have bequeathed unto my son, Harry Dix Malone and his wife, Rachel Malone, after the death of my said wife, Nettie Singleton Malone, as hereinabove set out).
It was from this language that the chancery court was asked to determine precisely the type or character of interest which the testator intended to leave to his surviving spouse. The chancellor in a well-reasoned opinion concluded:
It is accordingly the Court's opinion and a Decree consistent therewith will be entered that Share No. 1 was intended to be devised and bequeathed to Nettie Singleton Malone, the surviving spouse of the Testator. Said property was devised to her with a clearly unlimited lifetime power of disposition exercisable by her alone without joinder by any other parties. Her interest encompasses the full, complete and absolute power to dispose of the entire interest of said property to either herself or her estate or to any other party by gift or otherwise and is limited only to the extent that any portion of said property remaining at her death is not subject to a testamentary power of appointment in her but passes to the remainder beneficiaries of Share No. 2.[1]
The appellant, Mrs. Nettie Singleton Malone, contends that the chancellor was in error and that the dominant intent of the testator was to pass to the surviving spouse an outright bequest of a fee simple interest in Share No. 1. In support of this contention the appellant stated that the language, "upon the death of my wife any property remaining in Share No. 1 shall be added to and distributed to Share No. 2 to the same extent as if it had been an original part thereof," was merely superfluous and noncontrolling, having been inadvertently carried over by a scrivener from a marital trust pour-over provision of a preceding will.
The duty of the lower court and this Court in construing wills and trusts is to ascertain and give effect to the intention of the testator. In arriving at this intention, the court is required to consider the entire instrument, sometimes said "From the four corners of the instrument." Where the instrument is susceptible of *929 more than one construction, it is the duty of the court to adopt that construction which is most consistent with the intention of the testator. Deposit Guaranty National Bank v. First National Bank, 352 So.2d 1324 (Miss. 1977). Further, effect should be given, if possible to all words, clauses, and provisions of the instrument. Paine v. Sanders, 242 Miss. 392, 135 So.2d 188 (1961); First National Bank of Laurel v. Commercial National Bank & Trust Co., 247 Miss. 677, 157 So.2d 502 (1963).
Construing this will in the light of the above rules, we are of the opinion that the chancellor correctly construed it. The wills executed by Mr. Malone in 1958 and 1966, granted the income from Share No. 1 to Mrs. Nettie S. Malone and she was given a power to appoint by her will beneficiaries as to any part of Share No. 1 remaining at the time of her death. The wills (1958 and 1966), both went on to provide that in the event she failed to make such appointment during her lifetime, that any remaining portion of Share No. 1 should become a part of Share No. 2.
However, in the 1975 will, the language that gave Mrs. Malone the right to appoint by her will beneficiaries as to any part of Share No. 1 remaining at the time of her death, was deleted, and on the third page of the 1975 will the testator provided only that, Upon the death of my wife, any property remaining in Share No. 1 shall be added to and distributed to Share No. 2."
This same identical language which appeared in the 1975 will was brought forth in the 1978 will which was admitted to probate, and we are unable to say that this language in the 1978 will was other than deliberate. It is readily apparent that the testator intended for Nettie S. Malone to have Share No. 1 to use as she saw fit during her lifetime with the full, complete and absolute power to dispose thereof; that she was limited only to the extent that any portion of said property remaining at her death was not subject to a testamentary power of appointment in her, but passed to the remaining beneficiaries of Share No. 2.
Justice Patterson, speaking for the Court in Seal v. Seal, 312 So.2d 19 (Miss. 1975) stated:
Prerequisite to the use of rules of construction for adjudicating the intention or meaning of ambiguous instruments is an initial determination that there exists an ambiguity. The employment of the rules of construction is never permitted to defeat the plain, expressed intention of the testator.
There was some ambiguity about the beneficiary of Share No. 1, but this ambiguity was explained away by other provisions of the will and the parties agreed. For the reasons stated, we are of the opinion that the chancellor was imminently correct in holding it was the intention of the testator that the interest of Nettie S. Malone be limited only to the extent that such property, if any, allocated to Share No. 1 as may remain at the time of her death, is not subject to a testamentary power of appointment in her, but will pass in accordance with the provisions of the will of Robert Crowe Malone relating to the ultimate disposition of Share No. 2.
Therefore, the decree of the chancery court must be and is affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.
NOTES
[1] For other cases dealing with similar provisions in wills, see Selig v. Trost et al., 110 Miss. 584, 70 So. 699 (1915); Spiva v. Coleman, 122 Miss. 142, 84 So. 144 (1920); Cross v. Cavanah, 198 Miss. 137, 21 So.2d 473 (1945); Vaughn, Executrix v. Vaughn, 238 Miss. 342, 118 So.2d 620 (1960).