# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-CT-00848-SCT

*IN THE MATTER OF THE ESTATE OF FANNIE A. WILLIAMS, DECEASED: OLD LADIES HOME ASSOCIATION*

*v.*

*THE JUNIUS WARD JOHNSON MEMORIAL YOUNG MEN'S CHRISTIAN ASSOCIATION*

### ON PETITION FOR WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 7/12/93 |
| TRIAL JUDGE: | HON. GERALD E. BRADDOCK |
| COURT FROM WHICH APPEALED: | WARREN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANT: | GEORGE P. HEWES, III |
| | KATHRYN RUSSELL GILCHRIST |
| | THOMAS I. STARLING, JR. |
| | DAVID M. SESSUMS |
| ATTORNEYS FOR APPELLEE: | LANDMAN TELLER, SR. |
| | LANDMAN TELLER, JR. |
| | BURKETT H. MARTIN |
| | ROBERT R. BAILESS |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS & ESTATES |
| DISPOSITION: | REVERSED AND REMANDED - 3/21/96 |
| MOTION FOR REHEARING FILED: | 4/3/96 |
| MANDATE ISSUED: | 5/30/96 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. This matter involves construction of a will. The Court of Appeals was almost evenly divided as to whether the trial court construction comported with the law and facts.[1] Accordingly, we granted certiorari to decide the issue. Specifically we are asked to decide whether both the Court of Appeals and the chancellor below erroneously construed the phrase "in Jackson, Mississippi" to mean exclusively the area

contained within the corporate limits of the City of Jackson. We find it more reasonable to construe a reference to "Jackson, Mississippi," testamentary or otherwise, to include the greater metropolitan area which encompasses not only the City of Jackson but also adjoining portions of Hinds, Rankin, and Madison counties and that such a construction is compelled under our precedents establishing rules of construction of wills. We conclude that the testatrix's gift to the Old Ladies Home does not fail merely because it moved its facility to neighboring Madison, Mississippi. Accordingly, we reverse the decision of the chancery court.

I.

¶2. The Old Ladies Home Association had for decades operated a nursing home for elderly women located on West Capitol Street in the City of Jackson. The facility was closed on April 13, 1987, and the Old Ladies Home transferred its operations to a newly-constructed facility just three miles outside the city limits. Fannie A. Williams executed her will on October 21, 1987, which provided for the creation of three charitable trusts which would be funded by the residuary estate. The beneficiaries were the YMCA in Vicksburg, Kuhn Memorial Hospital in Vicksburg, and the Old Ladies Home in Jackson. After her death in 1991, the will was admitted to probate by the Chancery Court of Warren County. A petition to construe the will was filed by the executor concerning the administration of the charitable trusts. The State of Mississippi filed a response acknowledging that the Kuhn Memorial Hospital was no longer in existence and had no interest in the estate. The response of the YMCA alleged that the gift to the Old Ladies Home had lapsed and that the YMCA was the sole remaining legatee.

¶3. After a trial, the chancellor issued his opinion on June 14, 1993, declaring that the gift to the Old Ladies Home was invalid because it was no longer located within the city limits of Jackson, Mississippi. By a vote of 5-4-1, a divided Court of Appeals affirmed the chancellor's decision on August 15, 1995. The majority opinion held, "Since no Old Ladies Home exists in Jackson, the gift to the Old Ladies Home terminates."

II.

¶4. The will of Fannie A. Williams provided, in relevant part, as follows:

> The trust for the Old Ladies Home in Jackson, Mississippi is limited strictly for the use of that organization in Jackson, Mississippi for the maintaining of an Old Ladies Home in Jackson, Mississippi. If the Old Ladies Home ceases to operate in Jackson as a viable entity, that trust terminates and all undistributed income and principal shall be divided equally among my other residuary trusts created by this article of my Will which have not terminated prior to that time.

¶5. There are other references in the will to "the Old Ladies Home in Jackson, Mississippi" and "the Old Ladies Home located in Jackson, Mississippi." At trial, the Planning Director for the City of Jackson testified that the Metropolitan Statistical Area utilized by the U.S. Bureau of the Census and the Office of Management and Budget included all of Hinds, Rankin, and Madison counties. He further testified that the Jackson "urbanized area," for purposes of map-making and transportation planning, includes not only the City of Jackson but also much of Hinds County and part of Madison County as far north as the Madison County Airport. The current location of the Old Ladies Home falls within both the Jackson Metropolitan Statistical Area and the Jackson urbanized area.

¶6. The Home's Board of Managers decided to build the new location adjacent to the Willard Bond Home (another home for aged and homeless persons) in Madison on Bond Home's property. In connection with

the new facility, the Old Ladies Home entered into an agreement with the Bond Home. The agreement gave the Bond Home sole discretion in all matters pertaining to the day-to-day operation of the facilities, the admission, care and transfer of all residents, and the hiring, firing, and supervision of its employees. The homes are now collectively known as "The Home Place." In addition, the Old Ladies Home entered into an agreement with St. Dominic Hospital whereby the Home transferred its skilled care nursing license to St. Catherine's Village in exchange for a $300,000 credit in nursing care for Home Place residents who had been living at the Old Ladies Home on Capitol Street. The method of calculating payments to the Bond Home is spelled out in the contract for services. To recap briefly, Old Ladies Home pays the Bond Home, in return for administrative supervision, nursing care, food service, etc., eighty percent (80%) of its net income as the term is defined in the contract. Basically, net income includes the return on the investment of Old Ladies Home.

## III.

¶7. For purposes of testamentary construction, it is the responsibility of a reviewing court to determine and respect the intent of a testator. *Estate of Blount v. Papps*, 611 So. 2d 862, 66 (Miss. 1992). Where a will is susceptible to more than one construction, it is the duty of the court to adopt that construction which is most consistent with the intent of the testator. *Malone v. Malone*, 379 So. 2d 926, 928 (Miss. 1980). In instances where one construction of a will causes a charitable gift to fail completely and another construction validates the gift, this Court has held that the supporting construction should be adopted. *Tinnin v. First Bank of Mississippi*, 502 So. 2d 569, 570 (Miss. 1987).

¶8. Although the testatrix's intent to establish a charitable trust would not be completely defeated by the disqualification of the Old Ladies Home Association, it is certainly more consistent with her testamentary intent to adopt a construction of her will that validates as many of her charitable bequests as possible. Fannie A. Williams clearly intended in her will to benefit an organization known as the Old Ladies Home which operated a home for elderly women in Jackson. There is nothing in the record that suggests that her interests were confined to the Jackson city limits as opposed to the Jackson metropolitan area. In fact, the Old Ladies Home Association moved its facility outside the city limits of Jackson six months prior to the execution of the will. Thus, the only possible way to give effect to her testamentary wishes is to construe the phrase "in Jackson, Mississippi" as encompassing a larger geographic area beyond the city's corporate boundaries. This is the only reasonable construction.

## IV.

¶9. We find no merit in the contention that because the Old Ladies Home Association now operates under an arrangement with another entity, that it has ceased to operate within the meaning of the will. It should suffice to say that the Old Ladies Home Association exists as a legal entity and the fact that it provides services by contracting with another rather than more directly through its own employees is of no legal moment.

¶10. We hold that the testatrix's gift to the Old Ladies Home is not invalid and remand the matter to the chancery court for further proceedings consistent with this opinion.

¶11. **REVERSED AND REMANDED**.

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, McRAE, ROBERTS, SMITH AND**

**MILLS, JJ., CONCUR.**

1. The Court of Appeals was divided five to four with one judge not sitting.